

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# Elizabeth Wong v. Regina Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Elizabeth Wong v. Regina Thomas" (2009). *2009 Decisions*. Paper 1220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4571

ELIZABETH WONG,

Appellant

v.

REGINA THOMAS, in her individual and official capacity;
MICAH RASMUSSEN, in his individual and official capacity;
DIANE LEGREIDE; JAMIE FOX; STATE OF NEW JERSEY;
E. MICHAEL ANGULO; KELLIE DRAKEFORD;
HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY;
AMY MANSUE

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 05-cv-02588)
Honorable Anne E. Thompson, District Judge

Submitted under Third Circuit LAR 34.1(a)
June 2, 2009

BEFORE:  MCKEE, HARDIMAN, and GREENBERG, Circuit Judges

(Filed: June 05, 2009)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this Court on Elizabeth Wong's appeal from a final summary judgment entered on October 17, 2008, (1) dismissing certain aspects of the claims she has asserted in this case in part initiated in the District Court and in part removed from the Superior Court of New Jersey, and (2) remanding the balance of the case to that court. In addition, Wong has appealed from a separate order of the District Court entered on September 10, 2008, denying her motion for the imposition of sanctions against defendants-appellees based on their alleged spoliation of evidence. The appellees are New Jersey state officials and as well as the State itself and the New Jersey Higher Education Assistance Authority. Wong, an American of Chinese background, is the former executive director of the Authority who certain of the individual defendants forced to resign. Wong brought this action under federal and New Jersey law alleging, inter alia, racial and national origin discrimination and wrongful termination. Wong further claims that appellees pressured her to engage in unlawful activity as the executive director. Wong predicates her spoliation claim on allegations that appellees improperly destroyed significant electronic documents important to her case.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1367 and 1441(b), and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of Wong's spoliation motion on an abuse of discretion basis, see Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994), but exercise plenary review on the balance of the appeal. See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.,

2

998 F.2d 1224, 1230 (3d Cir. 1993).

After our review of this matter, we are satisfied that the District Court did not abuse its discretion in denying sanctions based on the alleged spoliation of evidence and we are in full agreement with the Court's substantive disposition of this case. Thus, we will affirm largely for the reasons that the Court set forth in its comprehensive memorandum opinions dated September 9, 2008, on the spoliation motion, and October 15, 2008, on the merits of the case.

We, however, make the following additional observations. We find it surprising that Wong brought this litigation. Governor McGreevey appointed Wong to her position as executive director of the Authority in early 2002. The position was political and was not subject to the selection procedures and criteria of the classified civil service. Moreover, as executive director Wong served at the pleasure of the governor, and thus he could remove her at any time with or without cause. See N.J. Stat. Ann. § 18A:71A-5 (West 1999). Wong remained in her position for a little more than two years until her compelled resignation became effective on June 30, 2004, when McGreevey, who later resigned, still was governor. Thus, Wong makes the unusual contention that officials of the very administration that appointed her later discriminated against her on racial and national origin bases and involuntarily forced her to resign. Though we do not suggest that an entity that in a completely discretionary act employs an individual and subsequently discharges her cannot be held to have discriminated against the employee on

3

interdicted grounds, nevertheless it reasonably could be asked why the entity, if it had been biased against the putative employee, would have made the appointment.

It also should be noted that before her forced resignation, Wong was involved in the expenditure of State funds that became the subject of adverse media attention. Inquiries of this kind in a political milieu from time to time lead to forced resignations, even if the individuals involved are blameless. The occurrence of such resignations inhere in the political process and thus persons holding political appointments subject to removal without cause cannot expect to be treated as public employees holding classified civil service positions with protection against their removal. The reality is that Wong is attempting to use her race and national origin as bases to insulate herself from the ordinary functioning of the governmental process.

Finally, we point out that Wong's claims, at least in part, have the potential to interfere inappropriately with decision making at a high government level. Officials at high policy-making levels of government, such as the individual defendants here, should be free to make managerial personnel decisions without undue interference by the courts. See, e.g., Galli v. New Jersey Meadowlands Comm'n, 490 F.3d 265, 270-71 (3d Cir. 2007).[1]

---

[1]We, of course, recognize that sometimes government officials in the executive branch of government such as the attorney general and secretary of state in New Jersey have legal protection against removal, see N.J. Const. art. 5, § 4, para. 3, but the executive director of the Authority is not one of them.

The order of September 10, 2008, and the summary judgment of October 17, 2008, will be affirmed.